**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES CARLTON WALL**                     **CIVIL ACTION**

**VERSUS**                                   **NO.  03-1641**

**BURL CAIN, WARDEN**                        **SECTION "R"(4)**

### ORDER

The petitioner, Charles Carlton Wall ("Wall"), filed the captioned petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2254, seeking relief from his 1997 conviction for second degree murder in Tangipahoa Parish.  In the opposition memorandum, the State alleges that four of Wall's eleven claims are in procedural default and the remaining claims are without merit.[1]

The applicability of the procedural bar doctrine is readily applied because the state court clearly and expressly rejects the claim by referencing a state procedural rule.  *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).  In the instant case, however, this is not the case.

The five claims at issue here are Wall's claims regarding incorrect instruction by the prosecution on the legal presumption of insanity (Claim No. 5), the trial court's incorrect instruction

_____

[1]Rec. Doc. No. 5

on reasonable doubt (Claim No. 8), discrimination in the grand jury selection process (Claim No. 9), and  the trial court lacked jurisdiction because of the invalid indictment (Claim No. 11).  These claims were first raised by Wall in his Petition for Post Conviction Relief filed July 30, 2001.[2]  The State Trial Court dismissed the Application finding that "as a matter law, there is no merit to any of the assigned claims."[3]  This was the last reasoned decision on the issues raised.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

The Trial Court's ruling was clearly a decision on the merits and made no reference to any state procedural bars to the claims raised.  Thus, this Federal Court on habeas corpus review can not accept the State's unfounded procedural default defense made in connection with these four claims. Therefore,

**IT IS ORDERED** that, **on or before July 3, 2006**, the State shall file a **Supplemental Opposition Memorandum** addressing the merits of Wall's claims regarding incorrect instruction by the prosecution on the legal presumption of insanity (Claim No. 5), the trial court's incorrect instruction on reasonable doubt (Claim No. 8), discrimination in the grand jury selection process (Claim No. 9), and  the trial court lacked jurisdiction because of the invalid indictment (Claim No. 11).

New Orleans, Louisiana, this _____1st_____ day of June, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]St. Rec. Vol. 7 of 7, Petition for Post Conviction Relief, 7/30/01 (signed 7/26/01).

[3]St. Rec. Vol. 7 of 7, Judgment on Application for Post Conviction Relief, 8/8/01.